O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GLOVER, ) | CV 18-05000-RSWL |
| ) | |
| Petitioner, ) | **ORDER re: Petitioner's Petition for Writ of Coram Nobis** [1] |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Currently before the Court is Petitioner Michael Glover's ("Petitioner") Petition for Writ of Coram Nobis ("Petition") [1]. Having reviewed all papers submitted pertaining to this Petition, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Petitioner's Petition.

///
///

1

**I. BACKGROUND**

**A. Factual Background**

On October 2, 2001, Petitioner pleaded guilty to two counts of transporting a minor with intent to engage in criminal sexual activity. Resp. to Pet. for Writ of Coram Nobis ("Opp'n") 1:6-8, ECF No. 7. On February 4, 2002, the Court sentenced Petitioner to twenty-four months in prison and three years of supervised release. Id. at 1:11-12.

Petitioner claims that, before his plea hearing, he was not given two pieces of evidence. Id. at 3:16-18. The first piece of evidence allegedly withheld was an online chat conversation between the victim and Petitioner. Pet. for Writ of Coram Nobis ("Pet.") 2:14-16, ECF No. 1. Petitioner claims that he asked the victim, "How ol[d] are you?" and she responded, "I'm 17 years of age, I will not be 18 yrs old until August 2000!" Id. at 2:16-19. After receiving this message, Petitioner claims that he told the victim that they could not meet until she turned eighteen. Id. at 2:20. Petitioner claims that the online chat took place on his computer, which the FBI confiscated. Id. at 2:21-22. The second piece of evidence that was allegedly withheld was statements made by several of Petitioner's associates, who told an unnamed FBI agent "that [Petitioner] doesn't go after under-age females." Id. at 2:22-25.

Petitioner also claims that FBI agents wrote on his

Rap Sheet that he was arrested for traveling across state lines, kidnaping a child, and "fondling her." Id. at 3:11-15. Petitioner claims that he has never been arrested on this charge. Id. at 3:15-16. Further, Petitioner claims that the Government relied on these statements during Petitioner's plea hearing without taking into account evidence that the Rap Sheet contained falsified information. Id. at 7:21-23.

**B.  Procedural Background**

On June 5, 2018, Petitioner filed the instant Petition [1]. The Government filed its Response [7] on July 6, 2018. Petitioner did not file a reply.

## II. DISCUSSION

**A.  Legal Standard**

Under the All Writs Act, a federal court may grant writs such as coram nobis. See 28 U.S.C. § 1651(a). A writ of coram nobis is an "extraordinary writ." Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002). It provides a remedy when a petitioner has served his sentence. Estate of McKinney By & Through McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995). To show that a claim warrants coram nobis relief, a petitioner must establish that "(1) a more usual relief is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement under Article III; and (4) the error is of the most

fundamental character." Id. at 781-82 (quotation omitted). The petitioner has the burden to satisfy each requirement, and failure to meet any one of the four requirements is fatal to a petition. See Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

A writ of coram nobis is rarely granted; the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (alteration in original) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

**B. Discussion**

    1. More Usual Relief and Case or Controversy Requirement

The Government does not dispute that Petitioner has satisfied the first and third requirements for coram nobis relief: (1) that a more usual relief is not available and (2) that adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement under Article III. Thus, the Court assumes that Petitioner has satisfied these requirements.

    2. Valid Reason for Delay

Petitioner argues that his delay in filing this Petition was justified because he could not have discovered the FBI's obstruction of justice at an

4

earlier date and because the FBI's misconduct was placed on his record in a complex and clever way. Pet. 6:21-22.

"[T]he time for filing a petition [for writ of coram nobis] is not subject to a specific statute of limitations." Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Rather, courts require "coram nobis petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005). "[T]he burden of proof is on the petitioner to offer valid reasons for the delay." United States v. Riedl, 496 F.3d 1003, 1008 (9th Cir. 2007). The Ninth Circuit has "considered delay to be reasonable . . . when new evidence was discovered that the petitioner could not reasonably have located earlier." Id. at 1007.

Petitioner provides newly-discovered evidence that the FBI allegedly: (1) withheld evidence that Petitioner told the victim that he could not see her until she was eighteen years old; (2) withheld statements made by Petitioner's associates stating that Petitioner does not pursue underage girls; and (3) stated that Petitioner was arrested for kidnaping and fondling the victim. See Pet. 2:25-3:10.

Here, Petitioner does not show that he exercised due diligence in bringing this new evidence. See Dhingra v. United States, No. C 16-03803 SBA, 2016 U.S.

Dist. LEXIS 132702, at *9 (N.D. Cal. Sep. 27, 2016) (denying coram nobis because the defendant did "not show that he exercised due diligence in pursuing [his] claim"). Given that Petitioner himself made the statements in the online chat, the Court can assume that he was aware of the statements' existence prior to the plea hearing. Thus, Petitioner could have requested the statements from the FBI before his plea hearing or in the nearly seventeen years preceding this Petition, and, had the FBI refused, he could have brought the FBI's refusal to the attention of the Court. See Martinez v. United States, 90 F. Supp. 2d 1072, 1076 (D. Haw. 2000) ("[D]elay is not justified if the petitioner was aware of a potential ground for relief earlier, but did not choose to pursue it."). Further, Petitioner does not explain how he learned of his associates' statements, nor does he explain why he could not have learned of these statements earlier. Without this information, Petitioner has not provided a valid excuse for his delay in bringing this allegation to the Court's attention. Lastly, Petitioner states that he did not look at his Rap Sheet until April 2018. Pet. 3:10-12. Given that Petitioner does not contend that he was previously denied the opportunity to see his Rap Sheet, the Court has no reason to believe that Petitioner could not have found the alleged statements on his Rap Sheet earlier in the seventeen years between his plea hearing and the filing of this Petition.

Thus, Petitioner has not validly explained his delay in bringing this Petition.

3. Error of a Fundamental Character[1]

Petitioner claims that the FBI's alleged refusal to turn over online chat statements and disclose conversations with Petitioner's associates, combined with its alleged tampering with Petitioner's record, creates an error of the most fundamental character. Courts reserve the writ of coram nobis for errors that are of "the most fundamental character, such that the proceeding itself is rendered invalid." McKinney, 71 F.3d at 781 (internal quotation marks and citations omitted). To show error of the most fundamental character, a petitioner's allegations must "specifically delineate the factual basis of his claim." United States v. Taylor, 648 F.2d 565, 573 (9th Cir. 1981).

Here, Petitioner does not specifically delineate the factual basis for his claims. Instead, Petitioner simply speculates that the FBI withheld evidence and lied on his record, which is insufficient to demonstrate an error of a fundamental character. See Dhingra, 2016 U.S. Dist. LEXIS 132702, at *4

---

[1] Petitioner must satisfy all four requirements to be granted a writ of coram nobis. Therefore, the Court **DENIES** Petitioner's Petition because he has not provided a valid explanation for his delay in filing the Petition. However, for the sake of completeness, the Court will analyze the "fundamental error" requirement as well.

7

(dismissing a coram nobis petition which speculated that an underage victim was actually an adult FBI informant because the "petition [was] devoid of any facts supporting [the Petitioner's] assertion that the minor victim of his criminal offense was actually an ADULT FBI Agent/Informer" (internal quotations omitted)).

Further, even if Petitioner had provided a factual basis for his claims, Petitioner has not shown a fundamental error that warrants reversing his conviction. Petitioner pleaded guilty, under 18 U.S.C. § 2423(a), to two counts of transporting a minor with intent to engage in criminal sexual activity. Under § 2423(a), a Petitioner cannot claim ignorance of a victim's age as a defense. See United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001) ("Ignorance of the victim's age provides no safe harbor from the penalties in 18 U.S.C. § 2423(a). If someone knowingly transports a person for the purposes of prostitution or another sex offense, the transporter assumes the risk that the victim is a minor, regardless of what the victim says or how the victim appears."). Thus, for the purposes of Petitioner's conviction, it is irrelevant that Petitioner thought that the victim was eighteen. Further, Petitioner's associates' purported testimony would not render Petitioner's plea hearing invalid, as it does not provide any new details about the offense that might show that Petitioner's

conviction was a fundamental error.

Thus, Petitioner has not shown that these allegations present a fundamental error in his criminal proceeding sufficient to grant a writ of coram nobis.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition.

**IT IS SO ORDERED.**

DATED: August 14, 2018              s/ RONALD S.W. LEW

                                       **HONORABLE RONALD S.W. LEW**
                                       Senior U.S. District Judge